T.C. Memo. 1996-99


UNITED STATES TAX COURT


S. PAUL AND PATRICIA J. DUBOSE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10831-94.            Filed March 5, 1996.


Leslie L. McCollom (specially recognized), for petitioner
Patricia J. Dubose.

S. Paul Dubose, pro se.

<u>Franklin R. Hise</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies, additions
to tax, and penalties with respect to petitioners' Federal income
taxes as follows:

| | | Additions to Tax and Penalties, I.R.C. | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(b)(1) or Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) | Sec. 6663(a) |
| 1986 | $ 59,557 | $ 39,320 | [1] | -- |
| 1987 | 228,770 | 168,588 | [1] | -- |
| 1988 | 18,118 | 11,724 | -- | -- |
| 1989 | 23,688 | -- | -- | $15,733 |
| 1990 | 14,834 | -- | -- | 11,126 |

[1] 50% of the interest due on the portion of the underpayment that is attributable to fraud.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Prior to trial, petitioner Patricia J. Dubose (Mrs. Dubose) and respondent entered into an agreement in which Mrs. Dubose conceded the deficiencies determined by respondent and respondent conceded that Mrs. Dubose is not liable for the additions to tax or penalties for fraud. S. Paul Dubose (petitioner) failed to appear for trial, and respondent orally moved to dismiss his petition for lack of prosecution as to those issues upon which petitioner has the burden of proof. Respondent proceeded to present evidence that the deficiencies for the years in issue are due to fraud on the part of petitioner.

### FINDINGS OF FACT

Petitioners resided in Blanco, Texas, at the time that they filed their petition. Petitioners were married and filed joint Federal income tax returns for each of the years in issue.

Petitioner was born in 1930. He received a bachelor of science degree in economics. In or about 1977, petitioner and John P. Stern (Stern) commenced a wood floor manufacturing and distribution company known as Kentucky Wood Floors, Inc. (Kentucky Wood). Each invested $31,000 and received 31,000 shares of stock. Mrs. Dubose subsequently received stock in Kentucky Wood. During 1981, a partnership known as Kywood Investments, Ltd. (Kywood), was formed among petitioners, Stern, and other investors to purchase the building that housed Kentucky Wood. Mrs. Dubose held her partnership interest in her name. Petitioner's partnership interest in Kywood was held through a corporation known as Dubose Properties, Inc., d/b/a International Telecommunications (the corporation). The corporation had no assets other than its partnership units in Kywood.

In 1986 and 1987, Kentucky Wood repurchased the stock and partnership interests owned by petitioners and by the corporation. As a result of this sale of their interests, petitioners received net capital gains in 1986, 1987, and 1988 in the amounts of $124,599, $503,684, and $560, respectively. Petitioners reported only $15,498.38 in 1986 and $181.26 in 1987 from the sale of their interests in these entities. Petitioners also received interest and/or dividend income of $1,016 in 1986, $226,851 in 1987, $60,934 in 1988, $77,243 in 1989, and $53,097 in 1990, which was not reported on their returns for those years.

On September 26, 1986, Kentucky Wood issued a check payable to petitioner in the amount of $47,880 for the purchase of 2,000 shares of petitioner's stock in Kentucky Wood. Petitioner returned the check to Stern and requested that the check be reissued and made payable to the Church of the New Age. Petitioner also instructed Stern to make all subsequent payments for the purchase of petitioner's stock payable to the Church of the New Age.

On December 8, 1986, petitioner directed B.F. Pitman III (Pitman) to open a bank account in the name of the Church of the New Age. Pitman was a member of the board of directors of a bank in San Antonio, Texas, where the account was opened. Pitman had sole signature authority on the account, but thereafter Pitman made deposits, withdrew funds, and handled mail in the name of the Church of the New Age solely at the direction of petitioner.

The following payments for petitioner's stock in Kentucky Wood were deposited into the account in the name of the Church of the New Age:

| Date of Payment | Amount |
| --- | --- |
| Dec. 1, 1986 | $ 47,880.00 |
| Dec. 1, 1986 | 236,886.30 |
| Sept. 25, 1987 | 450,618.30 |

Also on September 25, 1987, a check was issued by Kentucky Wood to "Church of the New Age and International Telecommunications"

in payment of the corporation's interest in Kywood. That check was also deposited into the account of the Church of the New Age.

On September 25, 1987, Kentucky Wood issued a check payable to Mrs. Dubose in the amount of $61,319.61 as payment for 2,693 shares of her stock in Kentucky Wood. On October 29, 1987, at petitioner's direction, that check was deposited into a new interest-bearing checking account in the name of Earth Harmony Church. Also on September 25, 1987, a check in the amount of $17,773.80 was issued by Kentucky Wood to Mrs. Dubose in payment of her remaining partnership interest in Kywood. This check was also deposited into the Earth Harmony Church account.

On April 22, 1988, petitioners opened a checking account in the name of the Church of the Golden Rule. In 1988 and 1989, petitioners transferred $275,000 from the bank account of the Church of the New Age to the bank account of the Church of the Golden Rule. Petitioners had signature authority on the Church of the Golden Rule account and used the funds in that account to make personal investments and to pay personal expenses.

Petitioner's purpose in depositing funds into bank accounts in the name of the Church of the New Age, the Earth Harmony Church, and the Church of the Golden Rule was to avoid income tax on the sale of petitioners' interests in Kentucky Wood and in Kywood and to avoid paying tax on income earned on the proceeds of sale. To further that purpose, petitioner made

misrepresentations concerning his income and assets to his tax return preparers and to Internal Revenue Service (IRS) agents who subsequently examined petitioners' tax returns. Petitioner failed to file corporate returns reflecting gains from sale of the corporation's interest in Kywood. On September 13, 1993, petitioner entered a plea of guilty, and, on September 17, 1993, he was adjudged guilty of violation of section 7201, tax evasion, for his taxable year 1989.

## OPINION

When the case was called for trial, respondent moved the Court to dismiss for lack of prosecution those issues upon which petitioner has the burden of proof and to sustain the deficiencies determined by respondent. Those deficiencies resulted from the unreported income described above that is the basis for respondent's determination of fraud, as well as disallowed farm losses and other adjustments. Petitioner has the burden of proving entitlement to the disallowed deductions and that the determinations by respondent, other than the determinations of additions to tax and penalties for fraud, are erroneous. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111 (1933); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). By reason of his failure to appear for trial, to present evidence on those issues, or otherwise properly to prosecute this case, those

issues will be decided against petitioner. Rules 123(a) and (b), 142(a), 149.

Respondent, however, bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). In this regard, respondent presented evidence that petitioner had unreported income for each of the years in issue. In the course of presenting that evidence, respondent also satisfied the burden that is sometimes associated with determinations of unreported income. See Portillo v. Commissioner, 932 F.2d 1128, 1133 (5th Cir. 1991).

The addition to tax for fraud is a civil sanction intended to safeguard the revenue and to reimburse the Government for the heavy expense of investigation and for the loss resulting from a taxpayer's fraud. Helvering v. Mitchell, 303 U.S. 391, 401 (1938). Respondent has the burden of proving, by clear and convincing evidence, an underpayment for each year and that some part of the underpayment was due to fraud. If respondent establishes that any portion of the underpayment is attributable to fraud, the entire underpayment is treated as attributable to fraud and subjected to a 75-percent addition to tax or penalty, unless the taxpayer establishes that some part of the underpayment is not attributable to fraud. See sec. 6653(b)(2) for 1986, 1987, and 1988, and sec. 6663(b) for 1989 and 1990.

Respondent's burden with respect to fraudulent intent is met if it is shown that the taxpayer intended to conceal, mislead, or otherwise prevent the collection of taxes owing. See, e.g., Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81. Fraud may be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). Fraudulent intent may be inferred from various "badges of fraud", including understatement of income, implausible or inconsistent explanations of behavior, concealing assets, and failure to cooperate with tax authorities. See Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986); Webb v. Commissioner, supra at 379; Marcus v. Commissioner, 70 T.C. 562, 577 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980). A taxpayer's education may be considered in determining whether or not he had fraudulent intent. See, e.g., Scallen v. Commissioner, 877 F.2d 1364, 1370-1371 (8th Cir. 1989), affg. T.C. Memo. 1987-412.

In this case, respondent has presented clear and convincing evidence that petitioner had taxable income for each of the years in issue and that he failed to report substantial amounts of that income on his returns. There is evidence, and we have found,

that petitioner concealed income and assets from his tax return preparers and that he made false and misleading statements to IRS agents investigating his tax liability. Petitioner's failure to come forward with any nonfraudulent explanation negating the evidence against him justifies the inference that there is no such explanation. Brooks v. Commissioner, 82 T.C. 413, 432-433 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985). We have found that petitioner's purpose in placing funds in church accounts was to avoid paying income tax due on the proceeds of sale of his stock in Kentucky Wood and the sale of the corporation's partnership interest in Kywood. We are convinced by the evidence that petitioner knew that he could not avoid taxation merely by placing funds in the names of churches that he created for that purpose. His attempts to do so establish fraudulent intent. See Stephenson v. Commissioner, 79 T.C. 995, 1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984). In any event, for 1989, petitioner is estopped by his criminal conviction from denying that the underpayment for that year is due to fraud. Amos v. Commissioner, 360 F.2d 358 (4th Cir. 1965), affg. 43 T.C. 50 (1964); see Tomlinson v. Lefkowitz, 334 F.2d 262 (5th Cir. 1964).

Upon review of the entire record, we conclude that respondent has satisfied her burden of proving that petitioner underpaid his taxes for each of the years in issue and that the

underpayments attributable to unreported income were due to fraud.  Petitioner has not proven that any part of any underpayment is not attributable to fraud.  To reflect the foregoing,

<u>Respondent's motion to dismiss for lack of prosecution as to petitioner S. Paul Dubose will be granted and decision will be entered for respondent and against petitioner S. Paul Dubose, and decision will be entered only for the deficiencies as to petitioner Patricia S. Dubose</u>.